IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CURTIS D. ODOM,                )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-15-401-RAW-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

**REPORT AND RECOMMENDATION**

Plaintiff Curtis D. Odom (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 10, 1960 and was 54 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a tractor operator. Claimant alleges an inability to work beginning January 3, 2011 due to limitations resulting from anxiety, panic attacks, lumbar disc disease, GERD, hypertension, obesity, and severe depression.

3

**Procedural History**

On June 27, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 24, 2014, Administrative Law Judge Bernard Porter ("ALJ") conducted a video hearing with Claimant present in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On September 9, 2014, the ALJ issued an unfavorable decision. On September 18, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly assess Claimant's credibility; (2) reaching an improper RFC; and (3) failing to fully develop the record.

**Credibility Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of anxiety disorder with panic attacks and agoraphobia, lumbar disc disease, gastroesophageal reflux disease ("GERD"), hypertension, and obesity. (Tr. 12). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, he found Claimant could lift, carry, push, and pull 20 pounds occasionally and ten pounds frequently, was able to stand or walk up to six hours in an eight hour workday, and was able to sit for up to six hours in an eight hour workday. The ALJ determined, however, that Claimant required a sit or stand option which allowed for a change in position at least every 30 minutes referring to a brief positional change lasting no more than three to four minutes. Claimant was also limited to the occasional use of foot controls. He could never climb ropes, ladders, or scaffolds or crawl, but he could occasionally climb ramps and stairs and kneel. He could frequently balance, stoop, or crouch. Claimant was required to avoid work around unprotected heights or moving mechanical parts and any environments with temperature extremes. Claimant was limited to simple tasks and simple work-related decisions with only occasional interaction with co-workers and supervisors and no interaction with the public. Claimant's time off task could be accommodated by normal breaks. (Tr. 14-15). After consultation

with a vocational expert, the ALJ found Claimant could perform the representative jobs of marker, inspector-packer, and small products assembler, all of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 21). As a result, the ALJ found Claimant was not disabled from January 3, 2011 through the date of the decision. Id.

Claimant first contends the ALJ failed to perform a proper credibility analysis. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

## RFC Evaluation

Claimant contends the ALJ reached an unsupported RFC. In making this contention, Claimant asserts that the ALJ failed to properly evaluate the opinion of Dr. William Willis, Claimant's treating physician. Dr. Willis completed a medical source statement on Claimant dated February 27, 2013. He diagnosed

Claimant with hypertension, chronic anxiety/panic disorder/agoraphobia, and low back pain. Dr. Willis concluded that Claimant could sit for 25 minutes at one time, stand for 20 minutes, and walk for 30 minutes. He also found Claimant could sit for five hours out of an eight hour workday and stand and walk for 45 minutes in an eight hour workday. He determined Claimant was restricted to ten pounds lifting and carrying frequently and up to 50 pounds occasionally. (Tr. 384). Claimant was found to be able to use his hands for repetitive action such as grasping, pushing/pulling, but not for fine manipulation. She could use both feet for repetitive movements. She could occasionally bend, crawl, climb, reach above head, stoop, crouch, and kneel but could not squat. Claimant also could not tolerate exposure to unprotected heights, marked temperature changes or exposure to noise. She could tolerate occasional exposure to dust, fumes, and gases.

Dr. Willis relied upon x-rays which indicated a bulge at L4-5 for his findings. He estimated Claimant's pain as moderate, which is defined as "could be tolerated but would cause marked handicap in the performance of the activity precipitating the pain." (Tr. 385). Claimant would need to take unscheduled breaks during an eight hour working shift. She would also likely be absent from work more than four days per month. She did not need to elevate

7

her feet but would need a sit/stand/walk option at will. Dr. Willis also found Claimant suffered from occasional headaches due to anxiety/tension. (Tr. 386).

The ALJ rejected Dr. Willis' findings, contending his opinion was inconsistent with reliable medical evidence of record, which he found shows relatively normal physical and mental status examinations and inconsistent with the findings of the consultative examiner. The ALJ also stated Dr. Willis "appears to rely heavily upon the subjective symptoms of the claimant." (Tr. 18).

"[T]he fact that a medical source relies on a plaintiff's subjective reports of her symptoms provides no basis for discrediting a medical opinion." Gonzales v. Colvin, 69 F. Supp. 3d 1163, 1170-71 (D. Colo. 2014) citing Nieto v. Heckler, 750 F.2d 59, 60-61 (10th Cir. 1984); Gutierrez v. Astrue, 2008 WL 5246300, at 4 (D.Colo. Dec. 15, 2008). "The ALJ's own disbelief of plaintiff's subjective complaints provides no basis on which to discredit an otherwise valid medical source opinion, since the ALJ may not substitute his lay opinion on the effect of medical findings for that of a medical professional." Id. citing Hamlin v. Barnhart, 365 F.3d 1208, 1221 (10th Cir. 2004); McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)("A]n ALJ may not make speculative inferences from medical reports and may reject a

treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.").

Moreover, the ALJ finds a general inconsistency with the remainder of the medical record but fails to indicate specific records which would indicate such inconsistencies.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the

9

nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ gave essentially gave no weight to Dr. Willis' opinion without citing the specific evidence which contradicted it. On remand, the ALJ shall set forth the specific and legitimate bases for weight he provides to Dr. Willis' opinion.

10

**Duty to Develop the Record**

This Court is uncertain of the nature of Claimant's argument on this issue. It appears that he contends the ALJ should re-contact Dr. Willis to clarify his findings. Certainly, if the ALJ deems it necessary and advisable to re-contact Dr. Willis, he may do so. This Court will not mandate that he do so, however.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE